Good morning. Good morning. I could just have a second. Sure, take your time. Good morning, your honors. May it please the court. My name is Martin Fontes. On behalf of the court, I'd like to reserve three minutes for rebuttal. Keep your eye on the clock. I'll try to help you. Thank you, Judge. In this case, the issue is whether the board erred in not remanding the case back to the immigration court. First off, there were changed circumstances in that the immigration court had found... Counsel, just to be sure we're talking the same thing, you've got the initial request for a continuance based upon the idea that your client was going to marry a U.S. citizen and the second one was he was going to try to expunge his 2003 drug conviction. I gather that in light of the supervening case law, DECOMP, for example, that you're focusing now on a separate thing, which is should it be sent back based upon a clearly new circumstance, which is a change in the law. Is that correct? Well, that's correct partially. I think there's two prongs to it. One in that the 11357B conviction, that is the one that was expunged and our assertion there would fall under the first time federal offender act and Lujan Armendariz, so it would no longer count as a criminal conviction for immigration purposes. Now, when my client was ordered removed, it was May 5th of 2011. That conviction was expunged on May 31st, 2011, 26 days later. On the appeal to the board, we included the documents which showed the expungement and asked that it be sent back. The judge's position was, well, there was a couple of things, but one, he did find that he had been convicted of a controlled substance offense and said at the time he was not eligible for adjustment of status or for cancellation or removal. He also found that he had failed to file any applications for relief without going into the details of what happened at this time. So that was one issue. So we're saying there were changed circumstances and the board should have considered that and sent it back to the immigration court . But help me, what is there to refer it back to? No application was filed. I sit on the district court. If there's a complaint and somebody wants to amend the complaint, you amend a preexisting complaint. No application was filed here. There's nothing there in a sense to remand it to or to reopen. Doesn't there have to be a thing, a placeholder in a sense? Well, I don't necessarily agree with that because it could be remanded for an opportunity for the petitioner to present his applications for relief. He had asserted he wanted to pursue adjustment of status and or cancellation or removal. At the first hearing that new counsel showed up, that's when the immigration judge says, I'm closing this case. So doesn't the immigration judge have the discretion then to say that I'm closing this case, enough is enough. Isn't it within his discretion to say, I've given you enough chances? And that's what he did. Of course, he has the discretion to do that. So now by remanding it back to him, aren't you saying that he abused that discretion because we're now forcing him to reopen a case that he says enough's enough on? Well, not necessarily because in his decision, and if you look at the oral decision of the immigration judge, he says under those facts and circumstances, the court was unable to find good cause for any further continuances for a respondent to prepare. This respondent is currently ineligible for cancellation or removal and adjustment of status because he has a controlled substance conviction. So after the expungement, everything's changed. He now is statutorily eligible. Well, the BIA in its decision also indicated that even assuming if, even assuming that the 2003 conviction no longer bars him from eligibility for cancellation of removal, there's still the matter of 2004 conviction. Do you want to talk about the 2004 conviction? Yes, thank you. And I feel this is where the board really took a wrong step because the immigration judge had never made a finding that California Business and Professions Code 4060 was a controlled substance conviction. The immigration judge was directing its attention at the 2003 11357B conviction. So, and that's what we showed. That was expunged. The board... Wait just a minute. Let me make sure I understand. The, as I understand it, the 11357EB was expunged, but are you saying that the other conviction was also expunged? I wasn't saying that. It actually was, but we never provided any proof. That's not before us. Basically, you're dealing, the one is expunged, but you've got the second one and of course there we run into Rendon and DeComp, right? That's correct. And that's where we feel the board was wrong because they said, and... The board didn't know about DeComp and Rendon because they haven't been decided yet. Correct. Their decision was September of 2011. And they said even assuming that Respondents expunged 2003 conviction may no longer bar Respondent from eligibility. Record indicates Respondent was also found guilty on March 2nd, 2004 of possession of a controlled substance, period. They didn't indicate that it was for California Business and Professions Code 4060. And I would assert that even at that time, it was not a controlled substance offense. And then now even with the new case law, even more so we have a stronger argument that it's not a controlled substance offense. Well, what I gather, I assume, what you would be asking us to do is to send this back to the BIA based upon the new case law, but on an open record so that you could enter new evidence. Is that correct? That's correct. And the crux of our argument is that at the time, and I'll take a step back, this Respondent, he had five court hearings because there's a lot in the record regarding him failing to file his applications for relief before the immigration judge. He had five court hearings. All of those fives, he was in custody. Those five court hearings were through a span of about 42 days. The first three hearings, he was not represented by the attorney. The first one was just in a group setting. The second one, he said he was looking for an attorney. The third one, he said he had found the attorney, but the attorney was not available to come. Do you want to save your time? You're 246 at this point. It's up to you. Thank you. And I'll summarize real quickly. And the fourth hearing was when Mr. Levine and his attorney showed up. And the record from that hearing on April 15th, 2011, just in pleading to the NTA, you could tell was all over the place. He was asking him if he was actually from Mexico on the record. Government counsel actually had to advise petitioner's counsel not to have him saying things and asking him questions on the record. You're talking about the questions the IJ asked? No, the attorney he had at that hearing was asking him on the record. The point is it was all over the place. Petitioner made a decision to change counsels. I showed up at the next hearing. Obviously, we didn't have any applications for relief. Forgive me, counsel. You're not making an IAC claim, are you? We have not done that, no. Okay. All right. So we probably want to save that for another day. And I'll reserve my time. Okay. Thank you. Let's hear from the government. How do you feel about the burden of proof in this case? Hopefully we won't be talking past each other again, Your Honor. Okay. Why is the government opposing a remand in this case for the immigration courts to analyze the 2004 conviction in the first instance? First of all We don't have any analysis at all in the BIA decision as to whether it's a categorical match. Is it divisible? Does the government have to prove for the purposes of this conviction what the type of substance is? None of that is in the record before us. First of all, the abandonment issue is this court has to address the abandonment issue because it's not in the record, but petitioner filed a motion to reconsider and the board denied the motion to reconsider based on this 2004 conviction because he had abandoned his applications for relief. So merely remanding to consider the 2004 conviction is futile because the board will say, hey, we ruled on this, he abandoned it, and issue the decision in that regard. So first The intervening case law from your perspective doesn't make any difference because the door was closed, the case was over, end of story. Correct. There are secondary arguments as well, but I fear that it approaches this burden of proof issue that Yes, but because again, this is in the relief context and it'd be the burden. Anyway, as to abandonment, he has failed to address the abandonment claim. The board explicitly affirmed the abandonment finding, his opening brief didn't raise it, respondent even raised it in the answering brief and petitioner again failed to address the issue even in his supplemental brief. While there's exceptions to the waiver rule, they're not satisfactorily met so as to warrant consideration. In any event, he did abandon it. Under HCFR 1003.31c, the immigration judge may deem an application waived if not timely filed. On March 15th, the immigration judge set over proceedings for the filing of the applications for relief. He was represented at the time. At the next hearing, he didn't file it. And the immigration judge denied a motion to continue because in part because he had abandoned his applications for relief. If we find that intervening case law sufficiently changes the landscape, it would make more sense to have them analyze it in the first instance rather than for us to sort out these issues, right? I'm not sure if you abandon an application, your eligibility Setting that aside, if we were to, it would make more sense for them to apply to CAMP and all of these other cases and to analyze the 2004 conviction than for us to go through the analysis in the first instance. Well, post-DISCAMPS and post-Rendon even, this court has applied the modified categorical approach and so in order Well, that's a yes or no. Do you want us to reach these issues and analyze it in the first instance if we get that far? I would like you to reach the abandonment issue. I think that is necessary given the board's decision that's not in the record but referred to in other filings where it was considered based on this 2004 conviction because he had abandoned his application. Is there any situation where, change circumstance, change law, or any circumstance where a party who has abandoned is still entitled to reopen or remand? Or is it you're done? He can certainly file a motion to reopen but given the length of time here, I don't want to speak for the integration of the board. Well, anybody can file a motion but what circumstance would justify reopening if there's an abandonment? I think we touched, if the petitioner wanted to file an IAC claim based on an abandonment, he could file a motion to reopen based on that. If there was intervening case law as to why he wasn't eligible before but is eligible now, that would be subject to a motion to reopen as well. Proceeding up to this court, this work needs to be done before the agency. Let me just ask you this, counsel, just to be sure I understand the government's position. Is it correct that the government concedes that the 2003 conviction was in fact expunged and therefore the government is relying exclusively on the 2004 conviction? Is that correct? Well, the board basically assumed arguendo that that was the case. So for our purposes, the 2003 conviction is out of our view. Correct. So we're looking at 2004, Rendon and Decomp in effect say that if their teachings are ignored, that those convictions can't be considered for any purpose. So what do we do with that? I know you've laid out a bunch of procedural reasons why. In the controlled substance arena, this court continually applies Coronado, which basically applies the modified categorical approach to the differing, the overbroad and divisibility issues with regard to the coverage of the California controlled substance and the federal. And this court under Coronado views it that you go to the modified categorical approach. Okay. And if we do that, then what happens if it doesn't qualify under Decomp, for example? If under Decomp, it doesn't qualify as a divisible statute, then what would we do? Well, Ruiz Vidal cited Decomp in applying the modified categorical. And so in a sense. You think the issue has already been decided as a matter of law? As far as applying the modified categorical approach, yes. Okay. And if it is applied, then you think he's lost. Correct. You'd have to do by analogies, right? Because there's no case specifically as to this particular business and professions code. You'd have to analogize the analysis to Coronado involving other drug statutes in California law. Petitioner's argument basically is based on the same argument that was decided in Coronado and Ruiz Vidal. But there's no statute. There's no case specifically. But you're correct. As far as business and professional code 4060, there is no case that I found that analyzed the categorical, modified categorical nature of that statute. If there's no. Any other questions? All good. Thank you. All right. Thank you. Counsel, we're going to give you a couple of minutes, as I mentioned. So you're welcome to use them or not as you see fit. Two minutes. Thank you. In response really quickly. First of all, in looking at the remand, I'd also like the court to note the documents in the record. All that was ever supplied to the court is case summaries. And even the immigration judge indicated that they appear to be online printouts. So that's going to be a difficult. Even for the board to, you know, go back and figure it out. Also, can I just ask you this? Putting aside for the moment, Rendon and Decomp, the government has asserted any number of technical impediments to your ever getting back there with a burden of proof, of course. CFR 10.3.2.C1, administrative exhaustion. What's your response to those? He's saying even if we send it back, they're not going to do anything because this case is over administratively. What's your response to that? Well, when you look at the statute, he cited, and it is true that the judge has the authority to set timeframes and the filings. And it was set for May 5th for the filings of applications of relief and the conviction records. And that did not happen. Again, the crux of our argument is that the expungement changed the landscape. And again, I already cited the oral decision of immigration judge. He was considering that respondent or petitioner. My client had a drug conviction at that time. He no longer has that. And that's everybody seems to agree on. So the impediments that are now raised were originally based upon the drug conviction, which is now expunged. That changed the landscape. Then they go to a different conviction. And that's the one where the statute in question under the Business and Professions Code has never been analyzed on a modified categorical basis. And we don't know what would happen under the comp and Rendon. Is that right? Yes. And in our supplemental brief, we included that we don't believe it's divisible. And it would be distinguished from Coronado. And we gave a sample of a different California statute where it lists the elements in the disjunctive. But for California Business and Professions Code 4060, there's just one single. There's no different elements in the disjunctive. And if it's not divisible, it doesn't count against your client, right? That's correct, Your Honor. That's our position. We'd also assert that even if we had complied with the immigration judge's order on May 5th of 2011, and there was a 42B cancellation or removal application filed, he wasn't eligible at the time. And that's the big difference in this case is he was not eligible. We agree. We acknowledge that. We acknowledge it was not the immigration judge's orders were not complied with. You know, we can sit and give it. Things have changed and that's your position. That's our position. And we would like an opportunity to be able to file his applications for relief. Okay. Any other questions by my colleagues? Thank you both for your argument very much. The case is submitted.
judges: M. Smith, Nguyen, Gordon